IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 05–cv–00423–EWN–BNB

ANTHONY RAY SANCHEZ,

    Applicant,

v.

JAMES E. ABBOTT, Warden, and
The Attorney General of the State of
Colorado, JOHN SUTHERS,

    Respondents.

---

# ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

Applicant, a Colorado state prisoner, seeks a writ of habeas corpus from this court. When first filed, the application contained nine claims. The magistrate judge initially determined that claims one, four, five, and eight had never been presented to the state courts and were therefore unexhausted, insofar as those claims alleged ineffective assistance of counsel. The magistrate judge also determined that claim seven was similarly unexhausted insofar as it alleged that the sentencing process was unconstitutional. The magistrate judge therefore gave Applicant the choice of (1) suffering dismissal without prejudice of the entire case for failure to exhaust state remedies on all claims or (2) abandoning the unexhausted claims and pursuing only the remaining claims in this court. Applicant selected choice (2).

The matter is now before the court on the "Recommendation of United States Magistrate Judge" (Doc. #23). As to those claims which Applicant is continuing to pursue, the recommendation is for dismissal of all such claims, either because Applicant procedurally defaulted those claims in state court or because the claims fail on the merits. Applicant has objected to the recommendation. His objections are difficult to follow and appear to have no merit. The court will attempt to address them in the order chosen by Applicant.

Applicant first confusingly confirms that he is abandoning claims four, five, seven, and eight insofar as they assert ineffective assistance of counsel. The source of the confusion is that, as the magistrate judge recognized, claim seven does not assert ineffective assistance of counsel. It asserts the unexhausted claim that the sentencing procedure was unconstitutional. The court will resolve the confusion by assuming that Applicant means to abandon this aspect of claim seven, as suggested by the magistrate judge. Otherwise, the entire case would be dismissed without prejudice, a result which is manifestly inconsistent with Applicant's clearly-stated intention to pursue only exhausted claims.

Having resolved one source of confusion, the court turns to the next. Applicant devotes two paragraphs of his objection to a discussion of *Strickland v. Washington*, 466 U.S. 668 (1984) and argues that he received ineffective assistance of counsel. Once again, Applicant cannot have it both ways. He has not exhausted the ineffective assistance of counsel claims. Having chosen to jettison those claims in order to avoid the court's jettisoning the whole case, he cannot continue to assert them here.

Applicant's remaining claims are a hodge-podge presentation which fails to meet the reasoning of the magistrate judge. First, Applicant reiterates that he was prevented from testifying in his own behalf. Second, he argues that the trial court should have held an evidentiary hearing on "problems with his sentence" and on other unspecified factual issues. Third, he maintains that the court's denial of a motion to continue was a "gross abuse of discretion." The magistrate judge has already addressed these arguments. The court has conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, the court has concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.

2. The application for a writ of habeas corpus is DENIED and the case is DISMISSED..

DATED this 26th day of November, 2007.

        BY THE COURT:

        s/ Edward W. Nottingham
        EDWARD W. NOTTINGHAM
        Chief United States District Judge